### In re LERNER.

(District Court, M. D. Pennsylvania. September, 1922.)

#### No. 4215.

Bankruptcy ⟨⟩288(1)—Court will not determine title in summary proceeding, where claimant's sworn petition showing title is supported at hearing.

On petition under oath in bankruptcy proceeding for release of property seized by the marshal on direction of the court, stating facts showing title and right of possession in claimant, supported by the claimant at a hearing, the court will not determine the title in such summary proceeding, but will direct release of the property.

In Bankruptcy. In the matter of David Lerner, bankrupt. On petition by Max Lerner for release of property seized by the marshal on direction of court. Petition granted.

David Oppenheimer, of Wilkes-Barre, Pa., for claimant.

G. H. McDonnell, of Wilkes-Barre, Pa., for trustee.

WITMER, District Judge. Max Lerner presents a petition claiming the property seized by the marshal, on direction of the court, and asks that such property be released to him, and the trustees' petition dis-

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

missed. His petition is under oath, and sets forth a statement of facts showing title in the claimant, as well as possession.

The petition is also supported by the claimant at a hearing had on the motion to dismiss. In view of the showing, this court has no power to determine title to the property in dispute in a summary proceeding. The marshal is therefore directed to release the property in his possession, and the order on the trustees' petition is vacated.

Costs to be paid by the bankrupt estate.